OPINION
Appellant, Hardrives Paving Construction, Inc., filed an action in the Trumbull County Court of Common Pleas seeking: (1) foreclosure of a mechanics' lien, (2) damages for breach of contract, and (3) damages for unjust enrichment. Defendants included owners of real property located in Custer Estates, Cortland, Ohio, the City of Cortland, and other contractors. The landowners filed a cross-claim against the contractors.
In 1995, appellant entered into a contract with defendants, J. Builders, Inc. ("J. Builders") and John S. Zeoli ("Zeoli"), by the terms of which appellant agreed to install a base course and a topcoat of asphalt upon streets within the Custer Estates development in Trumbull County.
The base course was installed in late November 1995, and the topcoat was delayed because J. Builders and Zeoli had to first install curbing. Weather also was a factor in the delay.
The plat of Custer Estates was filed with the county recorder on January 23, 1996.
In June 1997, Zeoli requested appellant to complete the topcoat, advising that the curbing was installed and ready for the second stage. He also requested that the performance be expedited because he was having an open house and wanted the development to look finished. Appellant completed the topcoat on June 14, 1997.
Defendants, J. Builders and Zeoli, failed to pay appellant pursuant to the contract and appellant perfected a mechanics' lien on the property in Custer Estates. The mechanics' lien was perfected after the bulk of the lot transactions were completed and paid for by lot owners. Certain defendants, appellees herein, David M. Cappuzzello, Andrea Cappuzzello, William Lowther, Kelly Lowther, and James Powell, who were purchasers of lots in the development, filed a motion for summary judgment. On November 19, 1999, the trial court granted appellees' motion for summary judgment. Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of Plaintiff-Appellant by granting summary judgment in favor of Defendants-Appellees regarding Plaintiff-Appellant's mechanics' lien foreclosure.
 "2. The trial court erred to the prejudice of Plaintiff-Appellant by granting summary judgment in favor of Defendants-Appellees regarding Plaintiff-Appellant's unjust enrichment claim."
Appellees claim favor of the "Home Owners Amendment" legislation and its judicial interpretation. In its first assignment of error, appellant claims this statute, R.C. 1311.011, does not protect the owners because appellant was not a subcontractor or materialman as to any of the homes purchased by appellees from J. Builders and Zeoli. This legislation provides:
 "(B) Notwithstanding sections 1311.02 to 1311.22 of the Revised Code, all liens, except mortgage liens, that secure payment for labor or work performed or materials furnished in connection with a home construction contract or in connection with a dwelling or residential unit of condominium property, that is the subject of a home purchase contract are subject to the following conditions:
 "(1) No original contractor, subcontractor, materialman, or laborer has a lien to secure payment for labor or work performed or materials furnished by the contractor, subcontractor, materialman, or laborer, in connection with a home construction contract between the original contractor and the owner, part owner, or lessee or in connection with a dwelling or residential unit of condominium property, that is the subject of a home purchase contract, if the owner, part owner, or lessee paid the original contractor in full or if the purchaser has paid in full for the amount of the home construction or home purchase contract price, and the payment was made prior to the owner's, part owner's, or lessee's receipt of a copy of an affidavit of mechanics' lien pursuant to section 1311.07 of the Revised Code." R.C. 1311.011.
 Appellant argues that there is no evidence that appellant was a subcontractor of J. Builders in connection with the construction of these appellees' homes; its contract with J. Builder was for an entirely separate work and service, i.e., the construction of roadways, none of which were on any of the lots or property owned by appellees. It was not "in connection with a dwelling * * * that is the subject of a home purchase contract" and, therefore, R.C. 1311.011(B)(1) does not apply.
Appellees argue that a residential housing subdivision "without streets is not a subdivision at all and suggest that the streets are the sine quanon of the development." They also point out that the Hardrive-Builders contract includes a term calling for the construction of drives for the homes to be constructed in Custer Estates.
We conclude that the trial court neither abused its discretion nor acted contrary to law in granting summary judgment on behalf of the owners against the claim of mechanics' lien of the paving contractor.
The purpose of the Home Owners Amendment to the mechanics' lien statutes is to protect a purchaser of residential property who has not received an affidavit of mechanics' lien from having to pay more than his agreed purchase price, where the vendor, general contractor, fails to pay one who provided goods and services beneficial to the residential property under contract with such general contractor. CompareBrown-Graves Co. v. Obert (1994), 98 Ohio App.3d 517.
Here, appellant sought to impose a lien upon the lots of each of the appellees under circumstances where they had paid in full prior to notice of any claim of appellant, with whom they had no contractual relationship. The basic purpose of the statutory adoption of the ancient common law mercantile lien was to protect the mechanic or subcontractor's payment from default by the contractor, even though paid in full by his contractee, by giving him an enforceable claim upon the title to the land. The purpose of the Home Owners Amendment was to protect the purchaser of residential property from third party claims directed to their contractor, where they have paid in full and have had no notice of the default by their contractor to another. Thus, a balance has been legislatively struck between giving a subcontractor a mechanism to reach beyond his contractor and claim an interest in real estate, and a purchaser of residential property who has paid in full, without notice of the nonpayment by his contractor.
The first assignment of error is without merit.
Appellant claims that appellees had actual, if not constructive, notice of the completion of work by appellant on the streets of the allotment. They were thus enriched and appellant never received just compensation for such enrichment.
Appellees counter that they had no notice that the services being provided by appellant were with expectation of payment by and from appellees. To the contrary they had every right to believe that their completed purchase of their lots was full and complete, including the completion of the roadways. J. Lewis Madorsky Co. L.P.A. v. R. J. Nolan
(N.D.Ohio., 1998), 992 F. Supp. 945. Here, there was no relationship between these appellees and appellant from which an agreement could be inferred. Hughes v. Oberholtzer (1954), 162 Ohio St. 330; Aultman Hosp.Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51.
The trial court did not err in granting summary judgment on the unjust enrichment, quasi-contract claim of appellant.
The second assignment of error is without merit.
The summary judgment of the Trumbull County Court of Common Pleas is affirmed.
 ______________________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
CHRISTLEY, P.J., O'NEILL, J., concur.